IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WINSTON A. RITTER,<br><br>Plaintiff,<br><br>vs.<br><br>RAY HUNT, ET AL.,<br><br>Defendants. | CV-24-87-H-DLC<br><br><br><br>ORDER |

Defendants Ray Hunt, Paul Rees, Melissa Scharf, Stephanie Pasha, Daniel Woydick, Dean Chapel, Jodi Cozby, Amanda Womack, and Alisha Hanna ("Defendants"), have moved to dismiss Plaintiff Winston A. Ritter's claims under the Americans with Disabilities Act and the Rehabilitation Act for failure to state a claim upon which relief can be granted. (Doc. 16.) Ritter has failed to respond. The motion is granted.

Generally speaking, Ritter's Second Amended Complaint raises claims related to his medical care at Montana State Prison. (Doc. 14.) He also alleges discrimination claims under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq., and § 504 of the Rehabilitation Act, 29 U.S.C. § 794. (Doc. 14 at 11 – 12.) Defendants move to dismiss these latter claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 17 at 5.)

1

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the plaintiff's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty*., 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544).

Title II of the ADA was expressly modeled after Section 504 of the Rehabilitation Act. *Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 (9th Cir. 1999). Thus, Ritter's A.D.A. and R.A. claims will be analyzed under the same standard. *Id.*, at 1045 n.11.

To state a claim under the ADA, an inmate must allege:

> (1) he "is an individual with a disability"; (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities"; (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo County*, 609 F. 3d 1011, 1022 (9th Cir. 2010) (*citing Bryant v. Madigan*, 84 F. 3d 246, 249 (9th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners…The ADA does not create a remedy for medical malpractice.")

Assuming, without deciding, that Ritter's Crohn's disease is a disability within the meaning of the A.D.A. and R.A., he has alleged no facts to show he was excluded from any services because of it. He does not allege any facts that, if true, would establish that any defendant discriminated against him on the basis of his disability or excluded him from any benefits, programs, or incentive available at

MSP. *See McGary v. City of Portland*, 386 F. 3d 1259, 1265 (9th Cir. 2004). Ritter has not responded to Defendants' motion to argue that the facts alleged in his Second Amended Complaint somehow show that he has been discriminated against or deprived of some benefit. The facts alleged are that the defendants "refus[ed] to help" Ritter with his symptoms. (Doc. 14 at 11 – 12.) These facts fail to show that Ritter was discriminated against because of his disease. Ritter fails to state an A.D.A. or R.A. claim; those claims are dismissed.

Accordingly, it is HEREBY ORDERED:

1. Defendants' Motion to Dismiss is GRANTED. (Doc. 16) Ritter's A.D.A. and R.A. claims are DISMISSED.

2. Defendants' Answer to the remainder of Ritter's Second Amended Complaint, including their response on Ritter's motion for preliminary injunction, shall be filed according to Fed. R. Civ. P. 12 and the Court's January 21, 2025 Order. (Doc. 6.)

3. At all times during the pendency of this action, Ritter must immediately advise the Court and opposing counsel of any change of address. Failure to do so may result in dismissal. Fed. R. Civ. P. 41.

DATED this 24th day of April, 2025.

_____
Dana L. Christensen, District Judge
United States District Court